Maupin, J.,
with whom Becker, J., and Puccinelli, D. J., agree, concurring in part and dissenting in part:
I agree with our affirmation today of the discipline imposed by the Nevada Commission on Judicial Discipline in connection with Counts I, E, VI, VH and VIH of the complaint against Judge Mosley. In accordance with the majority, I would reverse the dis *924 cipline imposed under Count III. Departing from the majority, I would affirm the discipline imposed with regard to Count IV. I write separately with regard to the discipline under Counts III and IV. Count III concerns Judge Mosley’s discussions with Barbara Orcutt; Count IV concerns the release of Robert D’Amore.
For many years, magistrates and district judges in Clark County have released persons charged with nonviolent offenses based upon ex parte communications with attorneys and persons from the community at large, governed by the considerations set forth in NRS 178.4853. This practice has continued with the tacit agreement of the Clark County District Attorney’s Office under the administrations of Roy Woofter, George Holt, Bob Miller, Rex Bell and Stewart Bell. However, this practice was generally restricted to situations in which the accused had not been brought before a magistrate for an initial appearance, and it was generally understood that such relief would be denied when another judge had been assigned to the case. With the reservations noted by the majority, the practice provided essential compliance with our judicial canons, and very few abuses of the practice have been documented. In fact, the police and the district attorneys have for many years frequently relied upon ex parte applications for release of inmates in aid of law enforcement initiatives.[1]
In my view, the communications between Ms. Orcutt and Judge Mosley did not violate the local practice. Thus, I agree with the majority in its reversal of the discipline imposed in connection with Count HI of the complaint. However, Judge Mosley should have never proceeded to release D’Amore on his own recognizance. D’Amore had apparently absconded following entry of a negotiated plea of guilty to a felony and was in custody pursuant to a bench warrant. Under these circumstances, Judge John McGroarty, the presiding judge in the case, was not inclined to release D’Amore, and Judge Mosley must have known that the district attorney would *925 have opposed the release. Finally, the evidence before the Commission suggests that, while Judge Mosley contacted Judge McGroarty, he did so only as a formality, having determined to release D’Amore in any event. In short, this exercise of judicial power had every appearance of an act of favoritism taken without regard to its merits.
Because Judge Mosley’s release of D’Amore was not in conformity with the then-accepted practice of issuing such releases without initiating contact with the district attorney’s office, and because this release clearly implicates Canon 2 of the Nevada Code of Judicial Conduct, we should affirm the Commission’s imposition of discipline under Count IV of the complaint.

I am the first to admit that the general practice was in part flawed because the general public did not have access to the practice except through persons acquainted with municipal judges, justices of the peace and district court judges. This court, in its recent changes to the Rules of Practice for the Eighth Judicial District, specifically delineated the circumstances under which judges may reduce bail without contact with the state pursuant to ADKT 340. In my dissent, I noted my preference for creating
an “on-call” system forjudges and deputy district attorneys and deputy city attorneys to review informal applications for bail reductions; in this way, general access to bail reductions prior to an initial appearance would be achieved.
In the Matter of the Proposed Eighth Judicial District Court Rule (EDCR 3.80) Regarding Release From Custody or Bail Reduction, ADKT 340 (Order Adopting Rule 3.80 of the Rules of Practice for the Eighth Judicial District Court of the State of Nevada, May 23, 2003).